UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **REGINALD ANOKWURU** <br> **Plaintiff,** <br><br> V. <br><br> **HOUSTON POLICE DEPARTMENT, CITY OF HOUSTON;** <br> **Defendants,** | § <br> § <br> §  Case No. ------------------- <br> § <br> § <br> §  JURY TRIAL DEMANDED <br> § <br> § <br> § <br> § <br> § |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF THE UNITED STATES COURT SITTING IN THE SOUTHERN DISTRICT OF TEXAS

Plaintiff respectfully comes before this Honorable Court pursuant to 42 U.S.C 1983 complaining that Defendants Houston Police Department (hereinafter "HPD") and the City of Houston (hereinafter "Houston") (collectively referred to as "Defendants") herein acted under color of state law and deprived the Plaintiff of his right to be free from false arrest and malicious prosecution in violation of the 4th and 14th Amendments to the United States Constitution. Plaintiff specifically alleges the following:

**PARTIES AND ADVERSE PERSON(S)**

1. Plaintiff, Reginald Anokwuru., is an individual who resides in Harris County, Texas and may be reached by and through counsel of record: Alexander Houthuijzen, 917 Franklin St. 400, Houston, Texas 77002 Phone: (713) 600-9902 Fax: (713) 526-1798.

2. Defendant, City of Houston, is a a political subdivision of the State of Texas, and may be served with process by serving the Mayor of Houston, Sylvester Turner, or the Secretary of the City of Houston, Anna Russell, at 900 Bagby Street, Houston, Texas 77002, or wherever its registered agent may be found.

1

3. Respondent, Houston Police Department is a law enforcement agency whose headquarters is located at 1200 Travis St, Houston, Texas 77002 may be served with process by mailing a copy of the citation and petition by registered or certified mail, return receipt requested to its office at 1200 Travis St., Houston, Texas 77002.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 1343(a)(3) and (4) because Plaintiff's suit arises under 42 U.S.C. 1983.

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1342, which gives district courts original jurisdiction over (aa) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. Plaintiff brings this action to redress the unlawful arrest of Plaintiff pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution made applicable to Defendants because of this federal due process violation.

7. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to hear and decide claims arising under state law.

8. Venue is proper in this district court pursuant to 28 U.S.C. §1391(b) because Defendants reside or resided in this district during the relevant time period and all or a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas.

9. All conditions precedent have been performed or have occurred.

## **BACKGROUND FACTS RELEVANT TO ALL COUNTS**

10. Reginald Anokwuru was arrested on October 14, 2017 for the offense of aggravated sexual assault in Harris County by an officer of the Houston Police Department.

11. The arrest warrant which was used to arrest Mr. Anokwuru was devoid of probable cause as Mr. Anokwuru was not one of the persons who committed the offense. The only defining characteristic that made Mr. Anokwuru a possible suspect is his legal name, Chidera.

12. The officer used the similarity of that name to line up Mr. Anokwuru (or Chidera) with the real suspect, a person nicknamed "Chi Chi".

13. This arrest warrant had no probable cause because there was no evidence to support the claim that Mr. Anokwuru had been involved in the crime.

14. The crime was a brutal gang rape of a young woman by three black males who, presumably, were all of Nigerian or African descent.

15. This racist arrest of Mr. Anokwuru was nothing short of a witch hunt by HPD and the arrest warrant was devoid of all probable cause.

16. To add insult to injury, HPD dragged Mr. Anokwuru to jail, booked him in as a common criminal, and he suffered the agony of spending a day in jail as someone accused of rape.

17. The jailer commented to Mr. Anokwuru that "this was America and that one couldn't go around raping people in this country, you rapist".

18. Mr. Anokwuru, thankfully enough, was able to bond out of jail and hire a lawyer.

19. He and his father hired the Mingledorff Law Firm to defend Mr. Anokwuru.

20. The lawyers tried to show the Harris County District Attorney's Office that because of the police's deliberate indifference to the use of a simple line-up procedure from the outset of the case that they had arrested the wrong person.

21. After six months, and after a grand jury wrongfully indicted Mr. Anokwuru, finally; the Harris County District Attorney's Office presented pictures of Mr. Anokwuru to the victim of the aggravated sexual assault.  She told the prosecutors very simply that Mr. Anokwuru was not one of the perpretrators.

22. The Harris County District Attorney's Office promptly dismissed the case and noted in the dismissal the following: "No probable cause exists at this time to believe the defendant commited the offense… wrong defendant filed on per Complainant. Correct Defendant to be filed on." (Exhibit 1 – Certified Copy of the Dismissal).

23. The Houston Police Department showed a deliberate indifference to the use of everyday police investigation tactics and Mr. Anokwuru had to suffer the consequences.

24. There was never so much as a smidge of probable cause in Mr. Anokwuru's criminal case.

25. He plainly and simply did not commit the crime and not one single piece of evidence other than the vague similarity of his name "Chidera" to "Chi Chi" provided any indicia of evidence that he was involved in the horrific gang rape of the complainant.

26. This was a Constitutional violation of the worst kind and Mr. Anokwuru brings this claim to seek justice from this Court and in the hopes that nothing like this will ever happen to another citizen in the Houston area again.

## CAUSES OF ACTION
## COUNT 1: FALSE ARREST

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26.

28. A claim of false arrest implicates guarantees of the Fourth and Fourteenth Amendments and, therefore, is actionable under 42 U.S.C.A.§ 1983. *See Sorenson v. Ferrie,* 134 F.3d 325, 328 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.,* 65 F.3d 1299,1305 (5th Cir. 1995); *Sanders v. English,* 950 F.2d 1152, 1159 (5th Cir. 1992); *Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir. 1988). Under Texas law, to establish the intentional tort of false arrest, the plaintiff must show (1) willful detention, (2) without consent, and (3) without authority of law. *See Har v. O'Brient,* 127 F.3d 424, 450 (5th Cir. 1997); *Pete v. Metcalfe,* 8 F.3d 214, 218 (5th Cir. 1993); *Gladden v. Roach,* 864 F.2d 1196, 1201 (5th Cir.), cert. denied, 491 U.S. 907, 105 L. Ed. 2d 700, 109 S. Ct. 3192 (1989); *Garza v. United States,* 881 F. Supp. 1103, 1107 (S.D. Tex. 1995); *Sears, Roebuck & Co. v. Castillo,* 693 S.W.2d 374, 375 (Tex. 1985).

29. The Fourth Amendment protects individuals from unfounded arrests by requiring reasonable grounds to believe a crime has been committed. *See Street v. Surdyka,* 492 F.2d 368, 372 (4th Cir. 1974).

30. Nothing in Mr. Anokwuru's case indicates that he committed a crime or that there were reasonable grounds to believe he committed a crime. There is nothing in the offense report that links him to the scene. His DNA did not match that of anyone at the scene. And the complainant even told the prosecutor that he was the "Wrong Defendant".

31. If the official's conduct violated a clearly established law, the inquiry then becomes whether that conduct was objectively reasonable. *See Brown,* 188 F.3d at 579; *Wren v. Towe,* 130 F.3d 1154, 1159 (5th Cir. 1997). The reasonableness inquiry turns on whether

the official's actions "could reasonably have been thought consistent with the rights they are alleged to have violated." *Id.*

32. No reasonable officer would have used a random nickname to try to get an arrest warrant to arrest someone for a heinous crime such as a violent rape. A reasonable officer would have approached the victim with pictures of possible suspects to get an identification. No one did that until after Mr. Anokwuru had been chewed up and spit out by the criminal justice system of Harris County.

## COUNT 2: MALICIOUS PROSECUTION

33. Plaintiff incorporates herein by reference the allegations contained in the paragraphs 1 through 32.

34. Moreover, Plaintiff was falsely arrested and charged for a criminal offense (Aggravated Sexual Assault) that he had not committed. In Texas to maintain a malicious prosecution charge, a plaintiff must prove that criminal proceedings were commenced against plaintiff; prosecution was caused by the defendant or through defendant's aid or cooperation; prosecution terminated in the plaintiff's favor; plaintiff was innocent; defendant lacked probable cause to bring about the proceeding; defendant acted with malice; and plaintiff suffered damages. *See Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir. 1999).

35. There was no evidence, no probable cause, and no legitimate reason to arrest Plaintiff for the offense. The case was brought with malice because the Defendants assumed that Plaintiff bearing a Nigerian name with some vague similarity to "Chi Chi" (the real perpetrator of the crime) made him a co-conspirator. No other officer would have brought this case and sought probable cause because there was none.

## COUNT 3: 42 U.S.C. 1983

36. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through

37. Additionally, HPD officers, while acting within their official capacity, deprived Plaintiff of his constitutional rights to be free from unfounded arrest and bad faith prosecution. A claim of false arrest implicates guarantees of the Fourth and Fourteenth Amendments and, therefore, is actionable under § 1983. *See Sorenson v. Ferrie,* 134 F.3d 325, 328 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.,* 65 F.3d 1299, 1305 (5th Cir. 1995); *Sanders v. English,* 950 F.2d 1152, 1159 (5th Cir. 1992); *Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir. 1988). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Blessing v. Freestone,* 520 U.S. 329, 340, 137 L. Ed. 2d 569, 117 S. Ct. 1353 (1997); *Daniels v. Williams,* 474 U.S. 327, 330, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); *Augustine v. Doe,* 740 F.2d 322, 324-25 (5th Cir. 1984).

38. Officers arrested Plaintiff without probable cause. They acted intentionally and not out of negligence.

39. The custom or policy at issue here is that the police refrained from using a simple lineup or any other identification procedure before arresting the Plaintiff to make sure that he was the right suspect. Because it has become a policy at HPD not to follow simple police procedures such as a lineup; they have set in motion a policy that violates the Constitutional rights of the citizens of this city to be free from unreasonable searches and seizures as well as unfounded arrests or prosecutions based on nothing more than racist premonitions.

## JURY DEMAND

40. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and

demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER FOR RELIEF

41. For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendants consistent with the relief requested herein and award the Plaintiff $1,000,000.00 in actual damages and $10,000,000.00 in punitive damages along with costs of this action including reasonable attorney fees, and for any and all other relief Plaintiff is entitled.

Dated: June 19, 2019

Respectfully Submitted,

*/s/ Alexander Houthuijzen*
**Alexander J. Houthuijzen**
Texas Bar No. 24101224
Fed ID No. 3083690
917 Franklin St. 400
Houston, Texas 77002
(713) 600-9902
(713) 526-1798
alex@alexthedefender.com
*Attorney for Plaintiff Reginald Anokwuru*